IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA MONTAGNA, | : | No. 4:05-CV-1838 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| | : | |
| ELK LAKE SCHOOL DISTRICT, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

**March 14, 2007**

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

On February 23, 2007, Magistrate Judge Mannion filed a Report and

Recommendation recommending that Defendant Elk Lake School District's

Motion for Summary Judgment ("the Motion")(doc. 15) be granted.

Objections to the Magistrate Judge's Report were due by March 12, 2007

and to date none have been filed.  This matter is now ripe for disposition.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

Plaintiff Patricia Montagna ("Plaintiff") filed the instant action on

September 12, 2005 by filing a complaint (doc. 1) against the Defendant, alleging

violations of the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. §

1

623(a) and 29 U.S.C. § 215, and the Pennsylvania Human Relations Act,

("PHRA"), 43 P.S. § 955(a).  The Defendant filed an answer (doc. 5) on November

11, 2005.

This action arises out of Plaintiff's application for a full time third grade

teaching position at Elk Lake Elementary School in June 2001.  At the time, she

was fifty-two years of age.  Plaintiff was offered an interview, however was not

selected for a second-round interview, and was ultimately not selected for the job.

Following the close of discovery, the Defendant moved for summary

judgment on August 29, 2006.  (Rec. Doc. 15).  The motion was fully briefed by

the parties, and on February 23, 2007, Magistrate Judge Mannion issued a Report

and Recommendation on the motion for summary judgment.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is

not statutorily required to review a magistrate judge's report before accepting it.

See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  According to the Third Circuit,

however, "the better practice is to afford some level of review to dispositive legal

issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.

1987).  When a district court accepts a magistrate judge's report, the report

becomes the judgment of the court.  Id.

## DISCUSSION:

Our review of this case confirms Magistrate Judge Mannion's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.[1]

First, Magistrate Judge Mannion notes that the Defendant concedes that the Plaintiff has established a *prima facie* case of discrimination under the ADEA and PHRA. However, Magistrate Judge Mannion finds that the Defendant's legitimate, non-discriminatory reason for not hiring the Plaintiff, namely Plaintiff's overall impression on the committee members made at the initial interview,[2] was not a pretext for discrimination. In support of that conclusion, Magistrate Judge Mannion notes that there is no evidence of record that the Plaintiff was treated any differently during the interview process than was any other candidate. Each applicant was asked the same basic ten questions and each was afforded the same amount of time per interview.

---

[1] In that vein, we need not summarize Magistrate Judge Mannion's detailed explanation of the standard of review governing summary judgment pursuant to Fed. R. Civ. P. 56(c) as well as his lengthy recitation of the facts in this matter, and shall instead incorporate that portion of the Magistrate Judge's report herein by reference. (Rec. Doc. 22 at pp.1-8).

[2] Defendant alleges that the committee members felt that the Plaintiff's answers to interview questions lacked the depth and detail reflective of current educational practices and that the Plaintiff had a low level of enthusiasm during her interview and that her answers seemed formal and scripted. (Rec. Doc. 22 at p. 12).

Second, the Magistrate Judge finds unavailing Plaintiff's evidence that the Defendant's legitimate, non-discriminatory reason was a pretext for discrimination. In particular, Magistrate Judge Mannion notes that despite Plaintiff's claims that her experience and background were known but not considered by the committee members, the record reflects that numerous candidates who were selected to interview for the position were substitutes in the District, just like the Plaintiff. The record reflects that these individuals, was well as the Plaintiff, made it to the initial interview because of their experience and familiarity with the District. Just like Plaintiff, other individuals who were substitutes within the District and were not in the protected class were not offered the position. The record simply does not reflect that the Plaintiff was singled out because of her age. Accordingly, Magistrate Judge Mannion concludes, and we agree, that the Plaintiff has failed to meet her burden of establishing that the Plaintiff's proffered reason for its failure to hire her was pretextual and that her age was the real determinative factor. Therefore, the Defendant's motion for summary judgment shall be granted.

Our review of this case obviously confirms Magistrate Judge Mannion's determinations. Because we find no error in Magistrate Judge Mannion's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein. An appropriate Order shall issue.